Citation Nr: 1532802 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 12-07 243 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to an effective date earlier than April 5, 2009 for the grant of a total disability rating based upon individual unemployability due to service-connected disability (TDIU), for accrued benefits purposes.


REPRESENTATION

Appellant represented by: Mary Anne Royle, Attorney-at-Law


ATTORNEY FOR THE BOARD

G. E. Wilkerson, Counsel


INTRODUCTION

The Veteran served on active duty from January 1956 to April 1957. He died in July 2012. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a December 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon, which granted a TDIU effective from June 5, 2009. The Veteran perfected an appeal of the effective date determination and subsequently died in July 2012. The appellant, who is his surviving spouse, applied for accrued benefits later that month, and has been substituted as the claimant for the purposes of this appeal.

In April 2014, the Board issued a decision granting an April 5, 2009 effective date for the award of a TDIU. The appellant appealed the Board's decision to the Court of Appeals for Veterans Claims (Court). While the matter was pending before the Court, in July 2014, the Veteran's attorney and a representative of VA's Office of General Counsel filed a Joint Motion for Remand.

In December 2014, the Board issued a decision denying an effective date earlier than April 5, 2009 for the grant of a TDIU. The appellant again appealed the Board's decision to the Court. 

In June 2015, the Court issued a Memorandum Decision reversing the Board's December 2014 decision and assigning an effective date of November 7, 2003, for a TDIU, for accrued benefits purposes. The Court remanded the matter to the Board for further proceedings consistent with this decision.

The Board acknowledges the appellant's July 2013 notice of disagreement with respect to a May 2013 rating decision denying service connection for the cause of the Veteran's death. The Board's review of the claims file reveals that the Agency of Original Jurisdiction (AOJ) is still taking action on this issue. As such, the Board will not accept jurisdiction over the matter at this time, but it will be the subject of a subsequent Board decision, if otherwise in order.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. A claim for a TDIU was received on November 7, 2003, as part of a claim for compensation.

2. The evidence demonstrates that the Veteran was unable to obtain and maintain substantially gainful employment from November 7, 2003. 


CONCLUSION OF LAW

The criteria for an effective date of November 7, 2003, for the grant of a TDIU have been met. 38 U.S.C.A. §§ 5103, 5103A, 5110 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 3.400, 4.16 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

As noted above, in a December 2014 decision the Board denied entitlement to an effective date earlier than April 5, 2009 for the grant of a TDIU. In June 2015, the Court issued a Memorandum Decision reversing the Board's decision, and found that the Veteran met the criteria for the award of a TDIU as of November 7, 2003-the date the Veteran filed a disability compensation claim for a back condition.

Consistent with the Court's decision, an effective date of November 7, 2003, for the grant of a TDIU, for accrued benefits purposes, is granted.


ORDER

An effective date of November 7, 2003, for the grant of a TDIU, for accrued benefits purposes, is granted.



____________________________________________
Nathan Kroes
Acting Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs